**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EDDIE LEE VARNADO,**

        **Plaintiff,**

**-vs-**                                              **Case No. 6:05-cv-1768-Orl-28DAB**

**MANAGER OF CEDAR COVE**
**APARTMENT COMPLEX, MARIO**
**JENKINS, KERI SAUVAGE,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**татО THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT KERI SAUVAGE MERCER'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 17)**
>
> **FILED:** April 3, 2006
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

In this claim for false arrest, Plaintiff sues Orlando Police Officer Sauvage[1] (herein "Mercer") and others,[2] for damages arising from his arrest on July 24, 2002 in Orlando. As set forth in the

---

[1] Identified in the motion as Keri Sauvage Mercer.

[2] Mercer has advised the Court that Defendant Mario Jenkins died on September 24, 2005 (Doc. No. 1). It does not appear that service was made upon Jenkins prior to his death, nor has service been made upon his estate or upon the otherwise unidentified "Manager of Cedar Cove Apartment Complex."

Motion and herein, it is undisputed that Plaintiff was arrested by Mercer, prosecuted by the state for several violations of state law, convicted after a jury trial, and the conviction and subsequent sentencing was upheld on appeal. As probable cause constitutes a complete defense to a false arrest claim, *Von Stein v. Brescher*, 904 F.2d 572, 584 n. 19 (11th Cir.1990); *LeGrand v. Dean*, 564 So.2d 510, 511 (Fla. 5th DCA 1990); [3] and a conviction establishes the existence of probable cause to arrest, *Denmark v. Lee County,* 931 F.Supp. 831 (M.D. Fla. 1996) ; *Shank v. Spruill*, 406 F.2d 756 (5th Cir. 1969), as a matter of law, Defendant Mercer is entitled to summary judgment.

### *SUMMARY JUDGMENT STANDARD*

A party is entitled to judgment as a matter of law when the party can show that there is no genuine issue as to any material fact. Fed. R. Civ. Pro. 56(c). The substantive law applicable to the case determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex*, 477 U.S. at 323. In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.

---

[3] *See also Hartman v. Moore,* -- S.Ct. ----, 2006 WL 1082843 (U.S. Apr 26, 2006).

## *FACTS*

The following facts are not disputed.  On July 24, 2002, Plaintiff was arrested by Mercer and charged with seven violations of Florida Statutes, including Fleeing or Attempting to Elude a Law Enforcement Officer with Sirens and Lights Activated, Possession of Cocaine with Intent to Sell, Battery on a Law Enforcement Officer, Resisting an Officer without Violence, Resisting an Officer with Violence, Giving False Information to a Law Enforcement Officer, and Driving while License Suspended (Doc. No. 17-Exhibit A).  Plaintiff was also issued a written Trespass Warning (Doc. No. 17, Exhibit A at 10).  On July 25, 2002, at Plaintiff's initial appearance, a magistrate issued a finding: "a probable cause determination is hereby made that the Defendant committed the crimes charged in the Complaint."(Doc. No. 17- Exhibit B).  An information was subsequently filed, charging Plaintiff with Fleeing or Attempting to Elude a Law Enforcement Officer with Sirens and lights Activated, Battery on a Law Enforcement Officer, Resisting an Officer, with Violence, and two counts of Resisting without violence (*Id.* at Exhibit C).

Plaintiff was tried before a jury, and convicted on all counts  (*Id.* at Exhibits D, E and F).  He was sentenced to 10 years in prison.  Plaintiff appealed (*Id.* at Exhibit G) and, on October 12, 2004, the state appellate court affirmed the conviction (*Id.* at Exhibit H).  Plaintiff filed the instant action in state court on April 14, 2005, and it was removed to this Court by Mercer.

## *ANALYSIS*

As this district recently noted:

Probable cause constitutes a complete defense to a false arrest claim. *Von Stein v. Brescher*, 904 F.2d 572, 584 n. 19 (11th Cir.1990); *LeGrand v. Dean,* 564 So.2d 510, 511 (Fla. 5th DCA 1990); Section 901.15(2), Fla.Stat. (1987) ("A law enforcement officer may arrest a person without a warrant when ... (2) A felony has been committed and he or she reasonably believes that the person committed it").

> Probable cause to arrest exists if the facts and circumstances within the police officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed or is committing an offense. *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir.1996). Probable cause does not, however, require overwhelmingly convincing evidence, but only "reasonably trustworthy information." *Id.* In determining trustworthiness, police officers are "generally entitled to rely on the veracity of information supplied by the victim of a crime." *Peterson v. City of Plymouth*, 60 F.3d 469, 474-75 (8th Cir.1995).

*Ruszala v. Walt Disney World Co.*, 95 F.Supp.2d 1323,1325-1326 (M.D. Fla. 2000).

This Court has also noted that "under Florida law, an initial conviction gives rise to a conclusive presumption of probable cause for prosecution, absent proof that the conviction was procured by 'fraud, perjury, or subornation of perjury, or other unfair conduct on the part of the defendant.' *Ware v. United States,* 971 F. Supp. 1442, 1465 (M.D. Fla. 1997), *citing Padrevita v. City of Lake Worth*, 367 So.2d 739, 742 (Fla. 4th DCA 1979). "Other unfair conduct" must amount to fraud, either extrinsic or intrinsic, in order for the presumption to be rebutted. *Id.* at 742.

Applied here, Plaintiff's conviction on the charges stemming from the arrest conclusively establish probable cause for the arrest, absent any showing of fraud or unfair conduct. As the facts are not disputed, and no such showing has been made, the conviction bars this civil suit for false arrest. *See Marx v. Gumbinner*, 905 F.2d 1503, 1505-06 (11th Cir. 1990) (existence of probable cause is an absolute bar to a section 1983 action for false arrest.)

Plaintiff attempts to avoid this bar by contending that "more discovery is need [sic] which would explain the defendant [sic] claim that the Plaintiff's five convictions are not related to the plaintiff's complaint for false arrest and flase [sic] imprisonment." Plaintiff contends that the false arrest claim and the five convictions are separate incidents, and "the plaintiff's five convictions cannot serve as probable cause to arrest the plaintiff for alleged trespass. . ." (Doc. No. 22 at 6). If allowed

more discovery, Plaintiff hopes to show that he was on the property as an invited guest, and thus, Mercer had no probable cause to arrest him for trespass.  The difficulty with this argument is, of course, that Plaintiff was not arrested for trespass.  Rather, as undisputed, Plaintiff was arrested and charged with an assortment of other crimes, including fleeing or attempting to elude a law enforcement officer, with sirens and lights activated; an offense that took place *before* the stop and subsequent arrest was made.[4]  While a written Trespass Warning was subsequently issued, the issuance of such a warning is not the equivalent of an arrest, under either federal or Florida law.  *See Skipper v. Phipps*, 483 F.Supp. 1213, 1216 (N.D. Fla.1980) (granting summary judgment on claim of false arrest and finding that no arrest occurred where police officer stopped plaintiffs, asked for identification and warned plaintiffs that they were trespassing and that legal consequences would ensue, but police officer did not prevent plaintiffs from doing anything).

There are no genuine issues of material fact and summary judgment is appropriately entered in favor of Mercer and against Plaintiff.  As Plaintiff has failed to serve either of the two co-Defendants, it is **respectfully recommended** that the case be **dismissed** as to the remaining defendants, and, following entry of judgment recommended above, the case be closed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[4]It appears that Plaintiff is attempting to contend that an "arrest" occurred, when Mercer activated her siren and lights, and that Mercer had no probable cause other than a mere suspicion of trespass at that point. Under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the police may briefly stop and detain persons in order to investigate a reasonable suspicion that those persons are involved in criminal activity, even in the absence of probable cause to believe that a crime has been committed. *United States v. Tapia,* 912 F.2d 1367, 1370 (11th Cir.1990). The Terry standard has been applied to traffic stops. *Id.* Here, however, any contention that the initial investigatory stop was unlawful is barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Recommended in Orlando, Florida on May 4, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy